Report Date:  February 28, 2020

# United States District Court

### for the

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2020

SEAN F. McAVOY, CLERK

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Kristina Dawn Russette                Case Number: 0980 1:16CR02006-EFS-11

Address of Offender:                                                    Spokane Valley, Washington 99216

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: June 15, 2017

Original Offense:        Conspiracy to Distribute Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 846

Original Sentence:      Prison - 30 Months;                   Type of Supervision: Supervised Release
                                   TSR - 36 Months

Asst. U.S. Attorney:    Benjamin David Seal              Date Supervision Commenced: July 19, 2018

Defense Attorney:       Federal Public Defender         Date Supervision Expires: July 18, 2021

---

## PETITIONING THE COURT

### To issue a SUMMONS.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #1**: You must not commit another federal, state or local crime. |

**Supporting Evidence**: Ms. Russette is alleged to have violated mandatory condition number 1 by being arrested near Box Elder, Montana, on January 28, 2020, and being subsequently charged in tribal court for Possession of Drug Paraphernalia, in violation of Tribal Code Title 10, Chapter 10.201, a misdemeanor.

On July 19, 2018, Ms. Kristina Russette signed her conditions relative to case number 1:16CR02006-EFS-11, indicating she understood all conditions as ordered by the Court. Specifically, Ms. Russette was made aware by her U.S. probation officer that she was required to refrain from committing any federal, state or local crimes.

Specifically, on January 28, 2020, at approximately 12:14 a.m., while engaged in running stationary radar, a Chippewa Cree Law Enforcement Officer observed a vehicle "roll through" a stop sign at an intersection while traveling west on Lower Box Elder Road near Box Elder, Montana. The vehicle was subsequently stopped by law enforcement and Ms. Russette was identified as the driver of the vehicle. Ms. Russette was questioned on any possession of drugs, weapons, or currency, and she denied any possession of all items as

questioned, although the officer noted the client glanced away on several occasions and hesitated in her response during questioning. It should be noted, Ms. Russette additionally had two other parties in the vehicle present with her, who she identified by name to law enforcement and she stated she was simply providing a ride for them.

Law enforcement then requested to search the vehicle, to which Ms. Russette complied. A subsequent search of the vehicle yielded tin foil in the driver's door with burn marks on it, a plastic "baggy" with a "white powdery residue" in it, and two "small containers." All parties were detained due to the paraphernalia located in the vehicle.

A subsequent full search of the vehicle yielded no additional contraband or evidence other than that previously located by officers during their field search of the vehicle. It should be noted, the report concludes by noting detention staff did provide the arresting officer with an additional "piece of paper and more tinfoil." The officer noted the presence of a "crystalline substance" inside of the paper that appeared to be methamphetamine, and it later tested positive for methamphetamine. The report does not elaborate as to under what circumstances the evidence was located or as to who it was attributed as belonging to.

On February 28, 2020, the Chippewa Cree Tribal Court was contacted telephonically by the undersigned officer who confirmed Ms. Russette was currently charged with Possession of Drug Paraphernalia, in violation of Tribal Code Title 10, Chapter 10.201, a misdemeanor. Court staff noted the client is currently out on a $500 cash bond, and advised her next scheduled Court date is currently set for April 20, 2020, at 10 a.m.

2          **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

**Supporting Evidence**: Ms. Russette is alleged to have violated mandatory condition number 3 by ingesting both methamphetamine and Oxycodone, a prescription medication not prescribed to the client, as previously occurring on or about January 31, 2020, based on urinalysis testing and the client's admission of such use.

On July 19, 2018, Ms. Kristina Russette signed her conditions relative to case number 1:16CR02006-EFS-11, indicating she understood all conditions as ordered by the Court. Specifically, Ms. Russette was made aware by her U.S. probation officer that she was required to refrain from using any illicit substance.

Specifically, on February 3, 2020, the undersigned officer received an e-mail from the client's supervising officer in the District of Montana, where the client was participating in courtesy supervision, indicating she had just learned that on January 31, 2020, the client had reported to their contract urinalysis testing provider and had submitted a urinalysis sample that tested as presumptive positive for methamphetamine, Oxycodone, and Fentanyl. The undersigned officer did then place a call to the client who admitted to the undersigned officer that she had ingested both methamphetamine and a "prescription pill" not prescribed to her, as previously occurring on or about January 30, 2020, following her release from custody due to the stress resulting from the arrest. Ms. Russette denied knowing she had intentionally ingested Fentanyl.

On February 12, 2020, the undersigned officer received the lab confirmation report from the supervising officer in the District of Montana, confirming the client's urinalysis sample as previously submitted on January 31, 2020, as being positive for both methamphetamine and Oxycodone.

On February 25, 2020, Ms. Russette reported to the U.S. Probation Office in Spokane, and did sign a drug use admission form documenting her use of methamphetamine and Oxycodone, as previously occurring on January 30, 2020.

3          **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

**Supporting Evidence**: Ms. Russette is alleged to have violated mandatory condition number 3 by ingesting both Hydrocodone and Oxycodone, both prescription medications not prescribed to the client, for approximately a 1 week period of time, and most recently occurring on February 25, 2020, based on the client's admission of such use.

On July 19, 2018, Ms. Kristina Russette signed her conditions relative to case number 1:16CR02006-EFS-11, indicating she understood all conditions as ordered by the Court. Specifically, Ms. Russette was made aware by her U.S. probation officer that she was required to refrain from using any illicit substance.

Specifically, on February 25, 2020, Ms. Russette reported to the U.S. Probation Office in Spokane, as previously directed following her return to the Eastern District of Washington, and after the termination of her previously approved courtesy supervision in the District of Montana. As a part of the contact, Ms. Russette was directed to submit to urinalysis testing, but was unable to do so on two separate occasions when directed, and following the client's presence in the office for over a 1-hour period of time. Ms. Russette was directed to report back to the U.S. Probation Office on the following day for follow-up testing.

On February 26, 2020, Ms. Russette again reported to the U.S. Probation Office as directed, and again proved unable to submit a sufficient sample for testing as directed. Ms. Russette ultimately admitted to ingesting both Hydrocodone and Oxycodone, both medications not prescribed to her, during the prior week. Specifically, Ms. Russette indicated she had secured the medication while in Montana and before arriving in Spokane, and she had been taking approximately two pills each day, one in the morning and one at night, by crushing the medication and "snorting" it. Ms. Russette indicated she had used as a result of anxiety, but indicated with the assistance of treatment she could cease her use of the substances. Ms. Russette subsequently signed a drug use admission form citing her last use as previously occurring on or about February 25, 2020.

The U.S. Probation Office respectfully recommends the Court issue a **SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    February, 28, 2020
_____

s/Chris Heinen
_____

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[  ]    No Action
[  ]    The Issuance of a Warrant
[ X]    The Issuance of a Summons
[  ]    Other

*Edward F. Shea*
_____

Signature of Judicial Officer

March 6, 2020
_____

Date