PROB 12C
(6/16)

Report Date: September 29, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Kristina Dawn Russette | Case Number: 0980 1:16CR02006-EFS-11 |
| Address of Offender: | Spokane, Washington 99223 |

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: June 15, 2017

| | |
|---|---|
| Original Offense: | Conspiracy to Distribute Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 846 |
| Original Sentence: | Prison - 30 Months; TSR - 36 Months |
| | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Alison Gregoire |
| | Date Supervision Commenced: July 19, 2018 |
| Defense Attorney: | Amy H. Rubin |
| | Date Supervision Expires: July 18, 2021 |

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 02/28/2020, 03/13/2020, and 05/29/2020.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. |
| | **Supporting Evidence**: Ms. Kristina Russette is alleged to have violated mandatory condition number 3 by ingesting methamphetamine on or about September 15, 2020, based on urinalysis testing, as well as the client's admission of such use. |
| | On July 19, 2018, Ms. Russette signed her conditions relative to case number 1:16CR02006-EFS-11, indicating she understood all conditions as ordered by the Court. Specifically, Ms. Russette was made aware by her U.S. probation officer that she was required to refrain from using any illicit substances. |
| | Specifically, on September 16, 2020, the undersigned officer received notification from Pioneer Human Services in Spokane that the client had previously presented on September 15, 2020, to submit to random urinalysis testing as required following her assigned color being called by the provider, at which time Ms. Russette provided a urinalysis sample that reflected as presumptive positive for amphetamine, methamphetamine, Oxycodone and |

morphine. A drug use denial form was additionally received from the provider on the day in question in which Ms. Russette marked the box denying any illegal use of a prohibited substance.

On September 15, 2020, at 3:45 p.m., the undersigned officer received a text message from the client in which she indicated her urinalysis test had come back "dirty" but that she had not used. Ms. Russette further indicated she had signed a paper denying use and noted the provider would be forwarding the sample to the contract laboratory for confirmation.

On September 24, 2020, the results relative to Ms. Russette's amphetamine and methamphetamine confirmation were received from the contract laboratory, ultimately confirming the presence of both substances in the sample provided by Ms. Russette. On September 25, 2020, telephonic contact was made with the client at which time the parties discussed the laboratory report, as well as her current adjustment to supervised release at length. Ms. Russette continued to deny use of any illicit substance since her previous admitted use of methamphetamine occurring on or about September 2, 2020, and as previously reported to the Court in the petition dated September 11, 2020. Ms. Russette was given an opportunity to again contact the undersigned officer on Monday (September 28, 2020), and provide any additional information that she felt may be relevant.

On September 28, 2020, the undersigned officer placed a call to the client after receiving a text message from the client on September 27, 2020, indicating she wanted access to treatment services. During the telephone call, Ms. Russette admitted to ingesting methamphetamine occurring on or about September 12, 2020. Ms. Russette denied any subsequent use of any illicit substance, but did admit to using methamphetamine on three separate occasions occurring over the last month, further indicating she often uses on a Friday or Saturday when she suspects that she will be able to get "clean" before the week.

It should be noted that on September 24, 2020, Ms. Russette presented for random urinalysis testing with the contract provider in Spokane, at which time the client submitted a urinalysis sample for testing that reflected presumptive positive for methamphetamine. Ms. Russette continues to deny any recent use of the substance and has indicated the sample will in fact be confirmed as negative. In addition, it should be noted, on September 25, 2020, the undersigned officer received a second lab confirmation from Alere Toxicology in which the document confirmed the presence of Oxycodone and Oxymorphone as present in a sample submitted by the client based on her assigned number identifier. Unfortunately, the report also noted a collection date of September 17, 2020, a date which the client did not submit to urinalysis testing, and in addition, misspelled the client's name and noted the collector name as being illegible. Due to these inconsistencies, this lab report is not being considered as a part of the supporting evidence as outlined herein; however, the information remains of great concern to the undersigned officer given the client's past admitted addiction to prescription pain medication.

| | |
|---|---|
| 7 | **Standard Condition #8**: You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer. |
| | **Supporting Evidence**: Ms. Kristina Russette is alleged to have violated standard condition number 8 by having contact with Clayton Morsette, on or about September 20, 2020, a party |

Prob12C
Re: Russette, Kristina Dawn
September 29, 2020
Page 3

known to her to be engaged in criminal activity based on received reports and the client's own admission of such contact.

On July 19, 2018, Ms. Russette signed her conditions relative to case number 1:16CR02006-EFS-11, indicating she understood all conditions as ordered by the Court. Specifically, Ms. Russette was made aware by her U.S. probation officer that she was required to refrain from having any contact with parties known to her to be engaged in criminal activity or to have a felony record.

As the Court may recall, on May 21, 2020, Ms. Russette was contacted in her vehicle after being stopped by law enforcement in Airway Heights, Washington. This conduct was previously reported to the Court in the petition dated May 29, 2020. As a part of the contact, Ms. Russette was determined by responding officers to have within the vehicle at the time of the stop, an individual by the name of Clayton Morsette. On May 22, 2020, during a telephone call with the undersigned officer, Ms. Russette herself admitted the presence of the party to the undersigned officer during the stop and stated she was driving him to Northen Quest Casino to drop him off. Ms. Russette noted she had previously dated the client, but ceased contact after she learned he was in fact "using." Ms. Russette admitted she should not have again initiated contact with him, but advised she did not believe that he was still using. Ms. Russette later indicated she learned he was in fact in possession of heroin at the time they were stopped by law enforcement, and believed he had in fact been arrested for the offense.

Ms. Russette was directed to not have contact with the party given that the undersigned officer believed both parties were likely facing new charges as a result of their conduct as outlined by law enforcement. On September 20, 2020, the undersigned officer received an automated notification indicating the client's name had been run by law enforcement, and on September 21, 2020, the investigating officer's log was received by the undersigned officer in which it was learned that it was in fact Clayton Morsette who had been stopped by law enforcement while driving the client's vehicle.

On September 25, 2020, Ms. Russette was contacted telephonically by the undersigned officer, at which time she admitted to allowing Mr. Morsette to drive her vehicle after he contacted her through Facebook Messenger, and verbalized a family emergency. Ms. Russette noted he had traveled to her residence to get the vehicle, but stated that she otherwise had not been in contact with him. Ms. Russette indicated she understood the contact with the party to be that constituting contact with a person known to her to be engaged in criminal activity based on her previous statements to the undersigned officer that he was in possession of heroin and she believed him to have been arrested for said conduct on the night they were previously contacted by law enforcement in Airway Heights, Washington,

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

Prob12C
Re: Russette, Kristina Dawn
September 29, 2020
Page 4

|  |  |
|---|---|
| | I declare under penalty of perjury that the foregoing is true and correct. |
| Executed on: | September 29, 2020 |
| | s/Chris Heinen |
| | Chris Heinen
U.S. Probation Officer |

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[X]  Defendant to appear before the Judge assigned to the case.
[ ]   Defendant to appear before the Magistrate Judge.
[ ]   Other

*Edward F. Shea*

Signature of Judicial Officer

September 30, 2020

Date